Wilson, Chief Justice, delivered the opinion of the court: The appellee brought an action of assumpsit, as assignee of Robert Houston, upon a promissory note made by the appellant. The summons was issued returnable to the March term, 1839, of the Morgan circuit court. At that term the appellant appeared and filed several pleas to the action, upon which issues were joined, and the cause was continued generally. At the June term no order appears to have been made. At the November term the appellant’s counsel filed a plea of non assumpsit, and on a subsequent day of the term a judgment was entered, reciting, that it appeared from the minutes of the judge, that at the preceding term, the defendant had withdrawn his pleas, and judgment was given for the plaintiff; and the clerk having omitted to enter the same on the record, he was therefore ordered to enter the judgment as of the last March term, which was objected to by the defendant’s counsel. The judgment thus entered is assigned for error. The question as to the power of the court to enter a judgment mine pro tuno has been raised and discussed at the bar; but granting to the authority of the court, the utmost latitude that can be claimed, it will not warrant the judgment entered in this case. At the November term of the court, judgment is entered as of the March term, without noticing the intervening June term, at which the judgmént was doubtless intended to have been entered. This was erroneous. The record shows that the pleas of the defendant below were withdrawn at the June term, and it is inferrible that a judgment was then ordered to be entered upon the record, but, from some cause, was omitted to be entered by the clerk. Without enquiring, however, as to the intention, or power of the court, in reference to the entering of a judgment at the June term, there can be no doubt as to the authority of the court to enter a judgment at the November term. The plea of the defendant interposed no obstacle to the exercise of this authority. It was filed by the defendant, without having previously obtained leave of the court for that purpose, and should have been stricken from the files of the court; after which there could have been no objection to rendering a judg'ment at that term. As the judgment which was entered was an jimproper one, it must be reversed with costs, and the cause remanded to the Morgan circuit court, with directions to enter a judgment at the next term of the court. Judgment reversed.